UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1193 |
| | : | |
| ADAMS COUNTY ADULT | : | (Judge McClure) |
| CORRECTIONAL FACILITY, ET AL., | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

July 25, 2007

## **Background**

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams
County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil
rights action pursuant to 42 U.S.C. § 1983.  The Plaintiff has also submitted an *in
forma pauperis* application.  For the reasons set forth below, Wivell's action will
be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are the  Adams County, Pennsylvania Adult
Correctional Complex; the Adams County Prison Board; the Adams County Work
Release Program; and the following Adams County correctional officials:  Warden
Wypinewdski, Deputy Warden O'Mara, Lieutenant Keffer, and Officer McNeil.

This is one of several actions initiated by Wivell regarding civil and

criminal proceedings conducted in the Adams County Court of Common Pleas. His instant Complaint states that the Adams County Prison staff was court ordered to provide him with a mental health evaluation for the purpose of determining if he was competent to stand trial.  See Record document no. 1, ¶ IV.  However, Plaintiff contends that the evaluation was never performed.  Wivell adds that some of his legal evidence was thrown away presumably by prison officials.  The Plaintiff asserts that "I would not be here" if not for the Defendants' alleged actions.  Id. at (3).

The Complaint next asserts that Wivell was denied permission to take his Bible to court and that prison officials charged him for photocopies of legal material.[1]  Plaintiff also alleges that prison officials denied his request for a furlough to visit his mother.  His next claims concern the conditions of his confinement.  Specifically, Wivell maintains that he was confined to his cell, forced to eat bologna sandwiches three times a day, denied recreation, and showers for at least two (2) days during a one (1) week period when the prison was in lock down status due to an inmate disturbance.  Wivell's final contention is that a dentist only visits the prison one time a week.  As relief, Plaintiff seeks an award of monetary damages.

---

[1]   Plaintiff indicates that he was charged 25 cents a page to photocopy material taken out of law books and legal mail.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*.  § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis*  may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to

---

[2]  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Based on the allegations raised by Wivell, a finding in his favor would imply the invalidity of his Adams County criminal prosecution[s].  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Second, it has been repeatedly recognized that prisoners have no right to free photocopying for use in lawsuits.  Johnson v. Moore, 948 F. 2d 517, 521 (9th Cir.  1991)("denial of free photocopying does not amount to a denial of access to the courts"); Harrell v. Keohane, 621 F. 2d 1059  (10th Cir.  1980); Jenkins v. Porfiro, Civil Action No. 3:CV-95-2048, slip op. at 1  (M.D. Pa.  May 15, 1996) (Vanaskie, J.).  It has also been held that there is no requirement that the

government or a defendant has to pay for an indigent plaintiff's discovery efforts. Smith v. Yarrow, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Simply put, prison officials are not constitutionally required to relieve Wivell of reasonable payment for the photocopying of documents.

Plaintiff also seeks relief based on conditions of confinement which allegedly existed during a one (1) week period when the prison was on lock down status due to an inmate disturbance. Wivell states that he was confined to his cell, forced to eat bologna sandwiches three (3) times a day, and denied recreation and showering privileges for at least two days during the temporary lock down.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. In Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), the Court of Appeals for the Third Circuit addressed an action initiated by a Pennsylvania state inmate who

had been held in administrative custody for a prolonged period.  The Court of

Appeals applied the standards developed in <u>Sandin v. Conner</u>, 515 U.S. 472, 480-

84 (1995) and concluded that administrative custody placement for a period of

fifteen (15) months was not an atypical and significant hardship.  Furthermore, the

inmate's "confinement in administrative custody did not deprive him of a liberty

interest" and was  not cruel and unusual punishment.  <u>Id</u>. at 708.  Moreover, an

inmate placed in administrative custody pursuant to a legitimate penological

reason could "be required to remain there as long as that need continues."  <u>Id</u>. at

709.

Based upon an application of <u>Griffin</u> and <u>Sandin</u>, the purported temporary

conditions of confinement which existed during the lock down period were simply

not of such magnitude or duration as to rise to the level of an Eighth Amendment

violation.  The Plaintiff acknowledges that the lock down restrictions were imposed

following an inmate disturbance, and thus, based upon a legitimate penological

reason and it was of short duration, lasting only one week.

Other courts addressing similar deprivations have reached the same

conclusion.  For instance, it has been recognized that  the denial of showers for two

weeks is not a constitutional violation.  <u>See</u> <u>Briggs v. Heidlebaugh</u>, 1997 WL

318081 *3 (E.D. Pa. 1997);  <u>DiFilippo v. Vaughn</u>, 1996 WL 355336 at *5 (E.D. Pa.

1996)(Eighth Amendment does not require that prisoners be afforded frequent or

comfortable showers); <u>Veteto v. Miller</u>, 829 F. Supp. 1486, 1496 (M.D. Pa.

1992)(deprivation of showers during period of placement in administrative detention found not to be Eighth Amendment violation).  Likewise, the denial of recreation thirteen days does not amount to cruel and unusual punishment.  <u>Knight v. Armontrout</u>, 878 F.2d 1093, 1096 (8th Cir. 1989).  The halting of recreation during emergency lock downs "not objectively serious enough to warrant constitutional protection."  <u>Bacon v. Minner</u>, 2007 WL 1157138 *2 (3d Cir.  April 19, 2007).

In addition, while the alleged temporary conditions of confinement caused by the lock down may have created an uncomfortable situation for Wivell, there is no allegation that he suffered any accompanying physical injury.  See <u>Allah v. Al-Hafeez</u>,  226 F.3d 247,250  (3d Cir. 2000), (where a plaintiff fails to allege actual injury, 42 U.S.C. § 1997e(e) bars recovery of compensatory damages).

Wivell next claims that his constitutional rights were violated because he was not granted a furlough to visit his mother in the state of Maryland.  Prisoners have no specific constitutional right to a furlough.  <u>See  Hipes v. Braxton</u>, 878 F.Supp. 56 (W.D. Va.  1995); <u>Hackett v. Nichols</u>, Civil No. 3:CV-03-1813 slip op. at 3  (Oct. 24, 2003)(Munley, J.)(denial of furlough to attend funeral does not implicate a federal right).  Pennsylvania state law allows a judge to grant a prisoner temporary release.  <u>Commonwealth v. Tuddles</u>, 782 A.2d 560, 563 (Pa. Super. 2001).  However, it does not create a right for prisoners to claim entitlement to go outside the walls.  <u>See  id</u>.  Since Wivell did  not have either a federal or state created interest in obtaining a furlough, his allegation does not rise to the level of a

constitutional violation.

With respect to Plaintiff's claim of being denied permission to take his Bible to Court, to the extent that it is being asserted against prison officials doesn't set forth a denial of Plaintiff's right to be afforded a reasonable opportunity to exercise his religious freedom guaranteed by the First Amendment. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). Under the criteria established in Turner v. Safley, 482 U.S. 78, 89 (1987), the restriction was reasonably related to legitimate penological interest and did not meaningfully curtail the prisoner's ability to practice his faith. In addition, and as previously noted herein, Wivell's claim to extent it purportedly denied him a fair trial is barred by Heck.

Plaintiff's remaining contention is that "[i]f you get a tooth ache we have to suffer until a dentist comes one time a week." Record document no. 1, p. 4. Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled. The government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted). See also, Farmer v. Brennan, 511 U.S. 825, 841 (1994).

In the present case, Plaintiff does not allege that he had any dental problems.

8

There is also no indication that he was subjected to a denial or a delay in needed dental treatment.  Consequently, a viable constitutional violation claim has not been stated.

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

<u>  s/ James F. McClure, Jr.      </u>
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAY A. WIVELL,                         :
                                       :
        Plaintiff                      :
                                       :
    v.                                 :   CIVIL NO. 4:CV-07-1193
                                       :
ADAMS COUNTY ADULT                     :   (Judge McClure)
CORRECTIONAL FACILITY, ET AL., :
                                       :
        Defendants                     :

## ORDER

July 25, 2007

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.  Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2.  The Clerk of Court is directed to close the case.[3]

3.  Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.


      s/ James F. McClure, Jr.
     JAMES F. McCLURE, JR.
     United States District Judge

---

[3]   The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order issued is binding on the Warden of the Adams County Prison, as well as the superintendent of any correctional facility to which Plaintiff is transferred.